

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 19, 1971

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. M-862

Re: Construction of Article 432, Texas Penal Code.

Dear Dr. Edgar:

Your recent letter requesting the opinion of this office concerning the referenced matter states, in part, as follows:

"A teacher was first employed by the school district for the 1969-70 school term commencing her employment about August 22, 1969. She will fulfill her second one-year contract on May 31, 1971. The teacher's brother was elected trustee of the district on April 3, 1971, and qualified for the office on April 7.

"The Board of Trustees has requested that this Agency obtain an opinion from the Office of Attorney General on the following question requiring a consideration of the nepotism law:

"Under the facts submitted, may the teacher be contracted, be proffered a contract for the 1971-72 school term by the school district board on which her brother serves as member?"

Article 432, Texas Penal Code, provides, in part, as follows:

-4185-

"No . . . member . . . of any . . . school
district . . . board . . . shall appoint, or vote
for, or confirm the appointment to any . . .
position, clerkship, employment or duty, of any
person related within the . . . third degree by
consanguinity to the person so appointing or so
voting, or to any other member of such board . . .
of which such person so appointing or voting may be
a member, when the salary . . . of such appointee
is to be paid for, directly or indirectly, out of
or from public funds . . .; <u>provided that nothing
herein contained . . . shall prevent the appoint-
ment, voting for, or confirmation of any person who
shall have been continuously employed in any such
. . . position, clerkship, employment, or duty for
a period of two (2) years prior . . . to the election
or appointment of the officer or member related to
such employee in the prohibited degree.</u>" (Emphasis added.)

Attorney General's Opinion No. V-1142 (1951) held that
Article 432, supra, did not apply to persons holding offices or
positions for at least two years prior to the time the related
board member takes office.

In the instant situation, the teacher commenced her
employment on or about August 22, 1969. When her brother quali-
fied as a trustee of the district on April 7, 1971, she then
could not have held the position nor served as a teacher continu-
ously for at least two years immediately preceding either the
election of her brother to the school board or his assumption of
such position. The facts submitted clearly show that the teacher
has not even completed teaching at the school district through a
second annual school term.

We hold that the exemption proviso of Article 432,
underscored supra, does not except from its provisions persons
who are contracted for two or more years prior to a kinsman's
being elected to an office, but who have continuously performed
services for a period of less than two years immediately prior to
their kinsman's assumption of office.

You are, therefore, advised that the prohibition of Article 432, supra, is applicable to the instant situation and that such Article prohibits the teacher's employment by the school district for so long as her brother remains a trustee of the district.

## S U M M A R Y

Article 432, Texas Penal Code, prevents renewal of a contract with a teacher who has not taught for two or more years prior to the teacher's brother's being elected to the school board.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Flusche
A. J. Gallerano
Dyer Moore
Brandon Bickett

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant